**UNITED STATES of America,**

v.

**Johel VALENTIN Appellant.**

No. 01–3998.

United States Court of Appeals, Third Circuit.

Submitted Oct. 29, 2002.

Decided Oct. 31, 2002.

Before NYGAARD, GARTH, and MICHEL,* Circuit Judges.

### OPINION

GARTH, Circuit Judge.

On October 3, 2000, a jury convicted Johel Valentin of violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. After a supplementary hearing, the jury subsequently found that Valentin had been convicted previously of at least three serious offenses, thus triggering the sentencing provisions of 18 U.S.C. § 924(e). On October 25, 2001, the district court sentenced Valentin to a 20–year prison term.

Valentin's timely appeal followed. We will affirm the judgment of the district court, and will grant the motion of Valentin's counsel, William T. Cannon, Esq., to withdraw as counsel.

### I.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

Valentin's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that there were no non-frivolous issues presented for our review. As required by *Anders*, counsel directed us to portions of the record that might arguably support an appeal.

Counsel points to one possible issue for appeal. Counsel notes that defense coun-

---

* Honorable Paul R. Michel, United States Court of Appeals for the Federal Circuit, sitting by designation.

sel below requested that the district court instruct the jury that it must find that there was a "substantial impact" on commerce to meet the "interstate nexus" element of 18 U.S.C. § 922(g)(1), and the district court rejected this request. Counsel suggests that the issue of the jury instruction might arguably support an appeal, but recognizes that this contention is "at odds with the applicable law governing this issue." *Anders* Br. at 12–14.

We agree with Valentin's counsel. In *United States v. Singletary*, 268 F.3d 196 (3d Cir.2001), we rejected a similar challenge to jury instructions concerning the interstate nexus element of § 922(g)(1). *See id.* at 198, 205. *Singletary* thus forecloses a successful appeal on the grounds identified by counsel.

Valentin has not filed a pro se brief raising any additional issues for appeal. Our review of the record also reveals no non-frivolous basis for appeal. We find that counsel, as required by *Anders,* conducted a conscientious review of the record and correctly concluded that there were no non-frivolous issues for appeal. *Anders,* 386 U.S. at 744. Counsel has complied with the procedures specified in *Anders.*

## II.

For the foregoing reasons, we will affirm the judgment of the district court and grant Cannon's motion to withdraw as counsel.